

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

February 21, 1990

Robert Bernstein, M.D.,
  F.A.C.P.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas   78756-3199

Opinion No.  JM-1144

Re: Whether reports filed under the Texas Abortion Facility Reporting and Licensing Act, article 4512.8, V.T.C.S., are protected by section 13(a)(1) of the Texas Open Records Act, article 6252-17a, V.T.C.S. (RQ-1825)

Dear Dr. Bernstein:

You have received five requests for information contained in reports submitted to the Department of Health (hereinafter the department) under the Texas Abortion Facility Reporting and Licensing Act.  Health & Safety Code § 245.001.

The first request asked for quarterly reports for the years 1987, 1988, and the first part of 1989 from abortion clinics and doctors in El Paso; any demographic information contained in the reports for El Paso; and the number of abortions performed by certain named clinics and one named doctor in El Paso.

The second request asked for demographic information on persons who had abortions in Tarrant County and Fort Worth during the calendar year of 1988.

The third request was for a document and various reports pertaining to one facility, including its application for licensure, incident reports, complaints to the department concerning the facility and all annual reports filed pursuant to the Texas Abortion Facility Reporting and Licensing Act.

The fourth request was for a list of all licensed abortion facilities in Texas.

The fifth request was for information as to whether two facilities are licensed abortion facilities or are exempt facilities pursuant to the Health and Safety Code section 245.004.

By your letters, you claim the requested information is exempt from disclosure under sections 3(a)(1) of the Open Records Act, V.T.C.S. art. 6252-17a, and the Texas Abortion Facility Reporting and Licensing Act.

The five requests prompted you to ask several questions. The first three are concerned with the scope of protection of section 245.011(d) of the Texas Abortion Facility Reporting and Licensing Act (hereinafter the Act).

In the first question you ask whether the annual reports submitted to the department are confidential.[1] Section 245.011(d), the confidentiality section of the Act, provides:

> (d) All information and records held by the department under this chapter are confidential and are not open records for the purposes of Chapter 424, Acts of the 63rd Legislature, Regular Session, 1973 (Article 6252-17a, Vernon's Texas Civil Statutes). That information may not be released or made public on subpoena or otherwise, except that release may be made:
>
> (1) for statistical purposes, but only if a person, patient, or abortion facility is not identified;
>
> (2) with the consent of each person, patient, and abortion facility identified in the information released; or

---

1. You did not specifically ask about the "quarterly" aspect of the requested reports. Section 245.011 of the Act requires each abortion facility to submit an annual report. Quarterly reports are not required. The Open Records Act does not require a custodian of records to prepare information in a form or on a schedule dictated by a requesting party. Open Records Decision No. 145 (1976).

> (3)     to  medical  personnel,  appropriate
> state  agencies,  or  county  and  district
> courts to enforce this chapter.

That provision makes records held by the department under the Act confidential. Also, it makes the Open Records Act inapplicable even to statistical information that the department is allowed to release. The release of an annual statistical report is a matter purely within the discretion of the department; it may compile the data and release the statistical information if it chooses but it does not have to.

Having determined there is no requirement that the department release statistical reports of any sort, it is not necessary to address your questions concerning the necessity of developing a new computer program to prepare a statistical report on a county-wide or city-wide basis, or whether the costs of creating such a program can be borne by the requestors.

The release of the information in the annual report is not, however, without limitations; the identity of any person, patient, or facility must not be publicly revealed absent consent. See id. § 254.011(d)(1). These limitations are the focus of your second question. You ask whether the department may identify whether the clinics or doctors listed in a request are in fact licensed under the Act. In two subsections, the Act protects the identities of the patient, the physician, and the facility. Section 245.011(d)(1) allows the statistical information in the annual report to be made public only if a person, patient, or abortion facility is not identified. The identities of the patient and physician are also protected unequivocally under section 245.011(b), which states "the report may not identify by any means the physician performing the abortion or the patient." Moreover, an abortion facility report is submitted on a form provided by the department, which does not require or allow the identification of the physician or patient. See id. § 245.011(a). Absent consent, the department may not confirm to a requestor whether a certain clinic or physician's office is a licensed abortion clinic.

In your third question you ask whether the statistics are confidential if they would give the reader enough information to deduce what person or facility had filed the report. You suggested a possible scenario in which statistics from a very small town in Texas with only one facility reporting abortions could allow the requestor to infer who is providing abortions in that city. In such a

case -- where non-confidential information can reveal confidential information -- the statistics should be withheld. See Open Records Decision No. 422 (1984) (holding that non-confidential information that could allow the reader to deduce confidential information should not be released). The department may not release statistics compiled on a basis that would allow a person to infer the identity of a clinic, a patient, or a physician.

In your sixth question you ask about the confidentiality of information pertaining to a certain facility including its application for licensure, incident reports received by the department, its annual report, and any complaints about the facility.

As we have indicated, the identity of an abortion facility is a confidential matter. See id. § 244.011(d). The release of any information about a certain clinic would necessarily confirm to the requestor that it is in fact a licensed abortion facility. The department is not required to release copies of any documents or reports of a named clinic or facility.

In your final question, you ask whether the department can provide a list of all licensed abortion facilities in Texas. Should the department wish to compile such a list, it may do so without penalty by first obtaining the consent of each facility in the State. See id. § 245.011(d)(2). To be exact, the department may provide to a requestor a list of all licensed abortion facilities in Texas that have consented to be on such a list, but the department is not required to compile this list. As we have determined in answer to question one, records and information held by the department under the Act are not open to the public; thus, whether the department provides a list of consenting licensed abortion facilities is a matter within its discretion.

## S U M M A R Y

All information held by the Health Department under the Texas Abortion Reporting and Licensing Act, Health & Safety Code § 245.001, including abortion facility reports and annual statistical reports, is protected from required public disclosure. Statistical reports may be released at the discretion of the department and must not identify any person, patient, or facility. The department may not confirm by any means

whether a clinic or  physician's office is  a licensed abortion clinic.   The release of  a statistical  report  that  would  permit  the inference  of  confidential  information   is prohibited.  If  it  chooses  to  do  so  the department may  release  a list  of  licensed abortion facilities that have consented to be on such a list.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Kay Guajardo
Assistant Attorney General